JOHN M. CLAYDON, JR., ADMINISTRATOR (ESTATE OF ANN V. FINIZIE) *v.* RONA FINIZIE ET AL. (4183)

DUPONT, C. J., HULL and BORDEN, Js.

Argued April 10—decision released May 27, 1986

*Laurence V. Parnoff,* for the appellant (named defendant).

*Amy E. Todisco,* for the appellee (plaintiff).

HULL, J. The named defendant, Rona Finizie, her two brothers, the defendants Lionel T. and Edmond J. Finizie, and their decedent mother, whose estate is being administered by the plaintiff,[1] are each owners of record as tenants in common of an undivided one-quarter interest in two pieces of real estate in Bridge-port. The plaintiff, representing the estate of the defendants' mother, Ann, brought suit seeking a partition and sale of the real estate. The defendant Rona Finizie claimed in two overlapping special defenses and in a counterclaim that she had filed a claim against Ann's estate for $60,000 for care and support she provided to Ann. She argued that since that amount exceeded the entire value of the estate, her claim had to be resolved before a decision could be made on the partition action. She also alleged essentially in two other special defenses that her two brothers held only naked record title to a one-quarter interest, each having made no payments in connection with the purchase and operations of the property. She asserted that, as a result, the property was equitably owned one-half by her and one-half by Ann's estate.

The court, on May 2, 1985, rendered judgment ordering partition by sale. The trial court, in that judgment, declared the ownership interests to be as alleged in the plaintiff's complaint and stated flatly that "a sale will better promote the interest of the parties."[2] Only Rona appeals, raising the following two issues: (1) whether

[1] The complaint was brought only in the name of the estate of Ann Finizie. It did not name the fiduciary or allege proper appointment of one. The pleadings and the judgment, however, reflect the fact that the fiduciary is John M. Claydon, Jr.

[2] The court did not file a memorandum of decision elaborating on this barebones statement in the judgment, nor was articulation sought by the defendants.

the trial court acted prematurely in hearing the matter and rendering judgment in light of her pending claim against the estate; and (2) whether the court erred in unduly restricting the admission of evidence she offered to support her claim of a one-half equitable interest in the property. Because we decide, sua sponte, that the complaint should have been dismissed for lack of subject matter jurisdiction, we do not consider these claims of error.[3]

Although the complaint does not so state, it is apparent that the plaintiff sought a partition of the real estate under General Statutes § 52-495[4] and a sale under General Statutes § 52-500.[5] Both statutes confer jurisdiction on the Superior Court "upon the complaint of any person interested." It has long been well settled law that an administrator does not have title to real property but that title passes to the heirs subject to the right of administration. *Brill* v. *Ulrey,* 159 Conn. 371, 375, 269 A.2d 262 (1970); *O'Connor* v. *Chiascione,* 130 Conn. 304, 306–308, 33 A.2d 336 (1943); *Bowen* v. *Morgillo,* 127 Conn. 161, 168, 14 A.2d 724 (1940). The rule applies whether the fiduciary is an executor or administrator. *Pigeon* v. *Hatheway,* 156 Conn. 175, 177, 239 A.2d 523 (1968).

The precise question of whether an administrator, alleging nothing more than tenancy in common, is a

---

[3] The issue we consider was not raised below nor briefed nor argued by the parties in this court. We therefore decide only such issues as are necessarily involved in the conclusion which we have reached.

[4] General Statutes § 52-495 provides in pertinent part: "Courts having jurisdiction of actions for equitable relief may, upon the complaint of any person interested, order partition of any real property held in tenancy in common . . . ."

[5] General Statutes § 52-500 provides in pertinent part: "(a) Any court of equitable jurisdiction may, upon the complaint of any person interested, order the sale of any property, real or personal, owned by two or more persons, when, in the opinion of the court, a sale will better promote the interests of the owners."

"person interested" under either of these two statutes is a case of first impression. The case of *Brill* v. *Ulrey,* supra, is, however, clear authority for the proposition that such a claim must fail for lack of subject matter jurisdiction. The issue in *Brill* was whether an executor could institute and maintain an action to quiet title to real estate where there was no allegation that the property involved was needed to satisfy claims against the estate. General Statutes § 47-31 provides that an action to quiet title may only be brought by a "person claiming title to, or any interest in, real or personal property." The defendants asserted that the plaintiff had no such interest. In responding to that claim, the Supreme Court stated: "We have permitted the representative of the estate of a deceased person to maintain an action to quiet title under three separate circumstances. In *Munger* v. *Doolan,* 75 Conn. 656, 662, 55 A. 169 [1903], we held that an administrator has sufficient interest in the realty to bring an action to quiet title if the property is needed to satisfy a claim against the estate. In *Miner* v. *Miner,* 137 Conn. 642, 646–47, 80 A.2d 512 [1951], the decedent himself had instituted an action to quiet title prior to his death, and we permitted his administrator c.t.a. to prosecute the case to judgment under authority of what is now General Statutes § 52-599. And most recently, in *Pigeon* v. *Hatheway,* 156 Conn. 175, 176–77, 239 A.2d 523 [1968], we allowed an executor to institute a suit under the theory that the cause of action was actually one to quiet title of personalty under the doctrine of equitable conversion, since the validity of an option to purchase real estate was being tested.

"Where, however, an executor seeks to institute and maintain an action to quiet title to real property without alleging and proving that the property is needed to settle claims against the estate, we do not think that the statutory requirement of interest in the property is sufficiently met. . . .

"The [*O'Connor* v. *Chiascione,* supra, 306–308,] decision makes it clear that the power of 'possession, care and control' granted to an executor under General Statutes § 45-252 over real estate during the settlement of an estate is given only to protect the rights of creditors. See also *Hardy* v. *Scott,* 127 Conn. 722, 723, 19 A.2d 420 [1941]. The executor's power is in derogation of the rights of the heirs, and since it is so limited in purpose, it is properly exercised only when the exigencies of the estate so require. Where, as in the instant case, no allegation is made that the property is needed to meet claims against the estate, there can be no occasion to permit the exercise of the executor's power. The court below committed error, therefore, when it rendered a judgment partially in favor of the executors, who did not have a cause of action." *Brill* v. *Ulrey,* supra, 374–76.

Absent a showing in this case by the plaintiff that he brought himself as administrator within some recognized or recognizable principle giving him a sufficient interest in the real estate to request its partition, he lacked standing to bring this action. "Standing is a matter of subject matter jurisdiction which cannot be conferred by the parties." *Housing Authority* v. *Local 1161,* 1 Conn. App. 154, 157, 468 A.2d 1251, cert. denied, 192 Conn. 802, 471 A.2d 244 (1984). The Superior Court, therefore, lacked jurisdiction over the plaintiff's complaint.

We note, for clarity, that the plaintiff could have, but did not, bring a complaint for partition or sale by direct petition to the Probate Court under the provisions of General Statutes § 45-257a. Under that statute, both partition and sale are authorized in language substantially similar to that of General Statutes §§ 52-495 and

52-500. We need not decide whether there is a requirement of an allegation or proof of interest under that procedure.[6]

There is error, the judgment is set aside and the case is remanded with direction to dismiss the complaint for lack of subject matter jurisdiction.

In this opinion the other judges concurred.

---

[6] We do not reach the question of whether this statute should be construed as vesting exclusive control of such proceedings in the Probate Court or as merely creating jurisdiction concurrent with that of the Superior Court. The preeminent authority on Connecticut probate practice, however, concludes as follows: "The partition, or sale in lieu of partition, of real estate owned in part by a deceased person may furnish another example of concurrent jurisdiction. At one time, it was considered that the Superior Court could order the sale of the real estate of a deceased person before the final settlement of his estate where a partition between the joint devisees was not feasible. This, however, was because the statute at that time did not empower the Probate Court to order the sale of real estate to facilitate distribution. Under the present statutes, which empower the Probate Court to authorize a sale whenever it shall find that to grant such authority would be for the best interests of the parties in interest and which prohibit a Superior Court partition of any property belonging wholly to an estate in settlement in the Probate Court before it is ready for distribution, a case could hardly arise where the Probate and Superior Courts would have concurrent jurisdiction with reference to the sale or partition of property wholly owned by an estate. However, in the case of property partially owned by an estate, it would seem that both the Probate Court, within specified limits, and the Superior Court could order partition or sale in lieu of partition." (Footnotes omitted.) 1 Locke & Kohn, Connecticut Probate Practice § 75. For a discussion of exclusive and concurrent jurisdiction in the Probate Court and the Superior Court; see *Hall* v. *Dichello Distributors, Inc.*, 6 Conn. App. 530, 534–36, 506 A.2d 1054 (1986).