[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Catherine Bender, Executrix of the Estate of Salvatore A. Nuzzo (the plaintiff) has brought this summary process action against the defendant. Catherine Bender is the twin sister of the defendant, Salvatore D. Nuzzo. Salvatore A. Nuzzo (the decedent) was their father.
The parties have stipulated that a week before his death, the decedent executed a last will and testament, disposing of his estate in a manner profoundly at variance with the respective relationships which he had had with his two children during much of their adult lives. The decedent died on April 7, 1995. On April 30, 1996, the Probate Court for the District of West Haven ordered that the will which the decedent had executed a week CT Page 7740 before his death, and which had been presented to the Probate Court by Catherine Bender, was proved and admitted for probate. On May 24, 1996, the Probate Court ordered that an appeal from the admission of the will be allowed. That appeal is currently pending before this court in this judicial district.
Sometime before April 7, 1995, the defendant moved into the decedent's home (the home) and has resided there since. On July 14, 1996, the plaintiff caused a notice to quit possession to be served on the defendant, requiring that he vacate the home on or before July 24, 1996. Although that time has passed, the defendant continues in possession.
 I
At trial the defendant claimed that the plaintiff lacked capacity to prosecute the action because he had appealed the decree approving the decedent's will and appointing the plaintiff executrix to the Superior Court. The claim, which is frivolous, wisely has not been repeated in the defendant's post trial brief. An appeal from an order of the Probate Court is a creature of statute. See General Statutes § 45a-186.[1] There is no statutory provision for a stay of an order appointing an executrix, pending an appeal to the Superior Court. For nearly 200 years it has been settled that "[t]he filing of an appeal from a judgment of the Probate Court does not act as a supersedeas. The Probate Court judgment remains in full force and effect until it is vacated or modified by the Superior Court.Stevens' Appeal, 157 Conn. 576, 581, 255 A.2d 632 (1969);Hirsch v. Braceland, 144 Conn. 464, 469, 33 A.2d 898 (1957);Avery's Appeal, 117 Conn. 201, 205, 167 A. 544 (1933). . . ."Marcus' Appeal from Probate, 199 Conn. 524, 533, 509 A.2d 1
(1986); see also Merrells v. Phelps, 34 Conn. 109, 112 (1867);Curtiss v. Beardsley, 15 Conn. 518, 523 (1843); Bryan v.Hinman, 5 Day 211, 217 (1811); General Statutes § 45a-296.[2]
 II
At the time of trial, the defendant moved to dismiss or stay this action based on the prior pendency of the defendant's appeal of the Probate Court's approving the decedent's last will and testament. This court, as requested, has taken judicial notice of the file in that case, which is pending in the judicial district of New Haven, docket number 387654. See Guerriero v. Galasso,144 Conn. 600, 605, 136 A.2d 497 (1957). CT Page 7741
"The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction. . . . The rule forbidding the second action is not, however, one of unbending rigor, nor, of universal application, nor a principle of absolute law. . . ." (Citations and internal quotation marks omitted.) Solomon v. Aberman, 196 Conn. 359,383, 493 A.2d 193 (1985).
The defendant's motion to stay or dismiss this action is denied.[3] First, the defendant's motion was not in writing, but was made orally at the time of trial. "[A] motion to dismiss is the proper vehicle to raise the issue of a prior pending action. . . ." Gaudio v. Gaudio, 23 Conn. App. 287, 294,580 A.2d 1212 (1990). "`Our rules of practice require that every motion directed toward pleading or procedure, unless relating to procedure during the course of a trial, be in writing. Practice Book § 196. . . .' Connolly v. Connolly, 191 Conn. 468, 475,464 A.2d 837 (1983)." Ammirata v. Ammirata, 5 Conn. App. 198,201, 497 A.2d 768 (1985). Practice Book § 196 provides in relevant part: "Every motion, request, application or objection directed to pleading or procedure, unless relating to procedure in the course of a trial, shall be in writing. . . ." "The purpose of requiring written motions is not only the orderly administration of justice; see Malone v. Steinberg,138 Conn. 718, 721, 89 A.2d 213 (1952); but the fundamental requirement of due process of law." Connolly v. Connolly, supra,191 Conn. 475. "`It is a fundamental premise of due process that a court cannot adjudicate a matter until the persons directly concerned have been notified of its pendency and have been given a reasonable opportunity to be heard in sufficient time to prepare their positions on the issues involved.' Costello v. Costello,186 Conn. 773, 776-77, 443 A.2d 1282 (1982)." Ammirata v.Ammirata, supra.
Second, the oral motion was not accompanied by a memorandum of law. Practice Book § 143 provides, inter alia, that a motion to dismiss "shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record." Practice Book § 204 also CT Page 7742 requires that a memorandum of law be filed with a motion to dismiss.[4]
Finally, the motion to dismiss was not timely made. The defendant's probate appeal has been pending for over a year, since May 29, 1996. At the time of trial, this action had been pending for nearly a year, since July 25, 1996. The defendant answered the complaint eight months prior to trial. Practice Book § 142 provides that "[a]ny defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Practice Book § 144, moreover, provides that "[a]ny claim of lack of jurisdiction over the person or improper venue or insufficiency of process or insufficiency of service of process is waived if not raised by a motion to dismiss filed in the sequence provided in § 112 and § 113 and within the time provided by Sec. 142." "Although a motion to dismiss is the proper vehicle to raise the issue of a prior pending action, the doctrine does not truly implicate subject matter jurisdiction. Halpern v., Board ofEducation, 196 Conn. 647, 652 n. 4, 495 A.2d 264 (1985). It may not, therefore, as is true in the case of classic subject matter jurisdiction, always be raised at any time. See Bridgeport v.Debek, 22 Conn. App. 517, 578 A.2d 150 (1990)." Gaudio v.Gaudio, supra, 23 Conn. App. 294-95.[5]
 III
General Statutes § 47a-23 (a) authorizes a summary process action to be brought by "the owner or lessor, or his legal representative, or his attorney-at-law, or in-fact. . . ."[6]
The defendant claims that the plaintiff has failed to prove that she falls within one of these categories. The court agrees.
Preliminarily, it is necessary to observe that the plaintiff claims standing in her official capacity only, as executrix, and not in her individual capacity.
General Statutes § 47a-1 provides that for purposes of, inter alia, § 47a-23: "[o]wner" means one or more persons, jointly or severally, in whom is vested (1) all or part of the legal title to property or (2) all or part of the beneficial ownership and a right to present use and enjoyment of the premises and includes a mortgagee in possession." General Statutes § 47a-1(e). CT Page 7743
With respect to the first part of this definition, the rule is that "[u]pon the death of the owner of real estate, neither the executor nor the administrator holds title. Ryder v. Lyon,85 Conn. 245, 252, 82 A. 573 (1912). Title immediately descends to the heirs or devisees of real estate, subject to the right of administration. O'Connor v. Chiascione, 130 Conn. 304,33 A.2d 336 (1943)." Goodman v. Bank of Boston Connecticut,27 Conn. App. 333, 341, 606 A.2d 994 (1992). "The only interest that an administrator [or executor] has in real property is the power to protect the rights of creditors of the estate." Tax Collector v.Miley, 34 Conn. App. 634, 639, 642 A.2d 747 (1994).
With respect to the second part of the statutory definition of "owner", dealing with beneficial ownership, it has long been said that the term, in property law, means "such a right to its enjoyment as exists where the legal title is in one person and the right to such beneficial use or interest is in another, and where such right is recognized by law, and can be enforced by the courts, at the suit of such owner or of some one in his behalf."Montana Catholic Missions v. Missoula County, 200 U.S. 118,127-128, 26 S.Ct. 197, 50 1.Ed. 398 (1906); accord, Christiansenv. Department of Social Security, 15 Wash.2d 465, 131 P.2d 189,191 (1942). An administrator or executrix has no such right to enjoyment of real property of the decedent where the property is not necessary to satisfy claims against the estate.
Brill v. Ulrey, 159 Conn. 371, 375, 269 A.2d 262 (1970), while not directly on point, is instructive. The issue in Brill
"was whether an executor could institute and maintain an action to quiet title to real estate where there was no allegation that the property involved was needed to satisfy claims against the estate. General Statutes § 47-31 provides that an action to quiet title may only be brought by a `person claiming title to, or any interest in, real or personal property.' The defendants asserted that the plaintiff had no such interest. In responding to that claim, the Supreme Court stated: `We have permitted the representative of the estate of a deceased person to maintain an action to quiet title under three separate circumstances. InMunger v. Doolan, 75 Conn. 656, 662, 55 A. 169 [1903], we held that an administrator has sufficient interest in the realty to bring an action to quiet title if the property is needed to satisfy a claim against the estate. In Miner v. Miner,137 Conn. 642, 646-47, 80 A.2d 512 [1951], the decedent himself had instituted an action to quiet title prior to his death, and we permitted his administrator c.t.a. to prosecute the case to CT Page 7744 judgment under authority of what is now General Statutes §52-599. And most recently, in Pigeon v. Hatheway,156 Conn. 175, 176-77, 239 A.2d 523 [1968], we allowed an executor to institute a suit under the theory that the cause of action was actually one to quiet title of personalty under the doctrine of equitable conversion, since the validity of an option to purchase real estate was being tested.
"`Where, however, an executor seeks to institute and maintain an action to quiet title to real property without alleging and proving that the property is needed to settle claims against the estate, we do not think that the statutory requirement of interest in the property is sufficiently met. . . ." Claydon v.Finizie, 7 Conn. App. 522, 525-26, 508 A.2d 845 (1986), quotingBrill v. Ulrey, supra, 159 Conn. 374-76. Similarly, in Claydonv. Finizie, supra, the Appellate Court held that an administrator of an estate, alleging nothing more than a tenancy in common, was not a "person interested" within the ambit of General Statutes (Rev. 1985) §§ 52-495, 52-500,[7] and therefore lacked standing to bring suit seeking a partition and sale of real estate.
Here, the evidence as to whether the realty was "needed" to satisfy claims against the estate was ambiguous. The plaintiff testified that she has no current plans for the property. From this the court infers that she has no plans to sell or rent the property. The plaintiff did testify that the estate does not have the money to pay its bills, that the estate is liquidating property, other than realty, which will pay some bills, but did not know if the proceeds from these sales would pay all of the bills. The court cannot, on this equivocal evidence, find that the home is "needed" to satisfy claims against the estate.
The plaintiff does not hold title to the property nor is she the beneficial owner of it. Therefore, she is not an "owner" within the definition of General Statutes § 47a-1(e). Neither, it is clear, is she a lessor, or the legal representative or attorney-at-law of an owner or lessor. Therefore, the plaintiff lacks standing to maintain this summary process action. "Standing is a matter of subject matter jurisdiction which cannot be conferred by the parties." Housing Authority v. Local 1161,1 Conn. App. 154, 157, 468 A.2d 1251, cert. denied, 192 Conn. 802,471 A.2d 244 (1984). The Superior Court, therefore, lack[s] jurisdiction over the plaintiff's complaint. "Claydon v.Finizie, supra, 7 Conn. App. 526." The complaint, therefore, is CT Page 7745 dismissed.
 IV
In his counterclaim, the defendant seeks a judgment imposing a constructive trust on the home. The defendant alleges that he has made payments totalling more than $30,000.00 on a mortgage given by the plaintiff's decedent, that the plaintiff's decedent agreed to covey the home to the defendant, and that as a result of this agreement, if a constructive trust on the home is not imposed, the plaintiff will be unjustly enriched.[8]
The court finds that the plaintiff's decedent gave the defendant, his son, $25,000.00 to purchase commercial real estate which the defendant sold five years later for $87,000.00, thereby realizing a substantial profit. The defendant gave his father a substantial portion of this profit as a gift, which his father used to purchase the home where the defendant continues to reside, the defendant's father told the defendant that that property would always be home for him, his children and his wife. After about 1983 and until shortly before the decedent's death from congestive heart failure in 1995, the defendant increasingly took care of him and drove him.
"To impose a constructive trust, there must also be a finding that the plaintiff was unjustly enriched. . . . Two elements must be demonstrated: that the plaintiff was benefited and that the benefit was unjust." Filosi v. Hawkins, 1 Conn. App. 634, 639,474 A.2d 1261 (1984). Limited by the allegations of the complaint and the evidence, the court cannot find that the plaintiff or, more aptly, the plaintiff's decedent, was benefitted [benefited] unjustly by the gifts and affections conferred on him by his son. Therefore, the court cannot impose a constructive trust. While the disposition of property in the decedent's will was wildly at variance with his relationship with his two children, as that relationship was reflected in the evidence before the court, that the decedent did not make a gift to his son in his will does not call for the imposition of a constructive trust. Cf. Polletta v.Colucci, Superior Court, judicial district of Waterbury, No. CV 95 0125416S (September 17, 1996).
Judgment may enter dismissing the complaint. Judgment may enter for the plaintiff on the counterclaim.
BY THE COURT
CT Page 7746
Bruce L. LevinJudge of the Superior Court