## ROSE LAFLAMME *v.* JOSEPH DALLESSIO, EXECUTOR (ESTATE OF DOMINIC DALLESSIO) (AC 20554)

Foti, Mihalakos and Hennessy, Js.

Argued February 26—officially released August 14, 2001

*Michael W. Levy*, for the appellant (plaintiff).

*John P. Calabrese*, for the appellee (defendant).

*Opinion*

FOTI, J. The plaintiff, Rose LaFlamme, appeals from the judgment rendered by the trial court following the granting of the motion for summary judgment filed by the defendant, Joseph Dallessio. On appeal, the plaintiff claims that the court (1) improperly concluded that the defendant did not owe her a duty of care based on his control of the subject premises and (2) abused its discretion by declining to rule on her request to amend the pleadings. We affirm the judgment of the trial court.

The plaintiff brought a one count complaint for negligence against the defendant in his representative capacity as executor of the estate of Dominic Dallessio (estate). The plaintiff alleged that she sustained injuries as a result of a fall that occurred on premises owned, possessed and controlled by the estate. On November 1, 1999, the defendant moved for summary judgment on the ground that he was not in possession and control of the premises at the time of the plaintiff's accident and, therefore, did not owe a duty of care to the plaintiff. On November 8, 1999, the plaintiff filed a request to amend her complaint by adding a second count against the defendant in his individual capacity. On January 3, 2000, the court heard oral argument on both motions.

On February 10, 2000, the court issued a memorandum of decision granting the defendant's motion for summary judgment. The court did not act on the plaintiff's request to amend.

"Our review of a trial court's rendering of summary judgment takes place within certain defined parameters. This court has held that [o]n appeal . . . the burden is on the opposing party to demonstrate that the trial court's decision to grant the movant's summary judgment motion was clearly erroneous. *2830 Whitney Avenue Corp.* v. *Heritage Canal Development Associates, Inc.*, 33 Conn. App. 563, 567, 636 A.2d 1377 (1994). . . . *Crystal Lake Clean Water Preservation Assn.* v. *Ellington*, 53 Conn. App. 142, 147, 728 A.2d 1145, cert. denied, 250 Conn. 920, 738 A.2d 654 (1999). It is appropriate to render summary judgment only where there is no genuine issue of material fact. Summary judgment should be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In passing on the defendant's motion for summary judgment the trial court was limited to deciding whether an issue of fact existed, but it could not try that issue if it did exist. . . . *Dougherty* v. *Graham*, 161 Conn. 248, 250, 287 A.2d 382 (1971).

"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. *Citicorp Mortgage, Inc.* v. *Porto*, 41 Conn. App. 598, 601, 677 A.2d 10 (1996). Simply, the granting of summary judgment is appropriate only if a fair and reasonable person could conclude only one way. *Miller* v. *United Technologies Corp.*, 233 Conn. 732, 751, 660 A.2d 810 (1995)." (Internal quotation marks omitted.) *Raboin* v. *North American Industries, Inc.*, 57 Conn. App. 535, 537–38, 749 A.2d 89, cert. denied, 254 Conn. 910, 759 A.2d 505 (2000).

I

The plaintiff first claims that the court improperly rendered summary judgment because it wrongfully concluded as a matter of law on the basis of the undisputed facts that the defendant did not owe a duty of care to the plaintiff. We disagree.

"Negligence occurs where one under a duty to exercise a certain degree of care to avoid injury to others fails to do so." *Dean* v. *Hershowitz*, 119 Conn. 398, 407–408, 177 A. 262 (1935). "The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." *RK Constructors, Inc.* v. *Fusco Corp.*, 231 Conn. 381, 384, 650 A.2d 153 (1994). The issue of whether a duty of care is owed is normally a question of law; *Pion* v. *Southern New England Telephone Co.*, 44 Conn. App. 657, 660, 691 A.2d 1107 (1997); but under some circumstances "the question of duty involves elements of both fact and law." *Raboin* v. *North American Industries, Inc.*, supra, 57 Conn. App. 538.

The defendant submitted a probate decree to the court as evidence that Mary Dallessio was in possession and control of the premises on which the plaintiff sustained her injury. Although that decree gave Mary Dallessio the use of the home, it directed her to "grant the executor, upon reasonable notice by him, reasonable access to the house for the purpose of cleaning the house and listing the house with a broker for sale." On the basis of that evidence concerning the executor's access to the subject property upon notice for limited purposes, the court concluded that the defendant did not owe the plaintiff a duty of care.

The plaintiff claims that a second probate decree demonstrated the existence of a genuine issue of material fact concerning the "possession and control" of the premises. The court did not discuss this second decree

in its memorandum of decision, and the plaintiff did not file either a motion for articulation or a motion for rectification with respect to that issue.[1] The plaintiff also relies on her affidavit in which she attested that Mary Dallessio was merely a tenant and that the defendant was responsible for the care and maintenance of the house. The court treated this as a bare assertion and concluded that it was insufficient to demonstrate a disputed issue of fact. Although the moving party must show the nonexistence of any material fact, an opposing party must substantiate its adverse claims by showing that there is a genuine issue of material fact along with the evidence disclosing the existence of such an issue. *Home Ins. Co.* v. *Aetna Life & Casualty Co.*, 235 Conn. 185, 202, 663 A.2d 1001 (1995). The plaintiff has failed to do so.

The plaintiff also argues that the decedent did not specifically devise the subject premises in his will and that General Statutes § 45a-321 (a)[2] created a duty in the defendant as a fiduciary. We need not reach the issue of whether the decedent specifically devised the subject premises in his will because we conclude that the type of duty that § 45a-321 (a) creates would still not have precluded summary judgment in this case.

Our Supreme Court has stated that "the power of possession, care and control granted to an executor

---

[1] The second decree, dated April 1, 1997, granted the defendant executor access to the house "to clean and otherwise ready the house for sale." It does not appear that the court considered that decree as having divested Mary Dallessio's exclusive use of the property in any way.

[2] General Statutes § 45a-321 (a) provides: "The fiduciary of a decedent's estate shall, during settlement, have the possession, care and control of the decedent's real property, and all the products and income of such real property during such time shall vest in the fiduciary as personal property, unless such real property has been specifically devised or directions have been given by the decedent's will which are inconsistent with this section; but the court may order surrender of the possession and control of such real property to the heirs or devisees, or may, during settlement, order distribution of such real property."

under General Statutes [§ 45a-321] over real estate during the settlement of an estate is given only to protect the rights of creditors. . . . The executor's power is in derogation of the rights of the heirs, and since it is so limited in purpose, it is properly exercised only when the exigencies of the estate so require. Where . . . no allegation is made that the property is needed to meet claims against the estate, there can be no occasion to permit the exercise of the executor's power." (Citations omitted; internal quotation marks omitted.) *Claydon* v. *Finizie*, 7 Conn. App. 522, 526, 508 A.2d 845 (1986), quoting *Brill* v. *Ulrey*, 159 Conn. 371, 376, 269 A.2d 262 (1970). The plaintiff, therefore, cannot rely upon § 45a-321 (a) to create a duty on the part of the executor to keep the driveway on the subject premises in repair, as she alleged in her complaint. The executor had neither "possession, care and control of the decedent's real property" nor did he owe the plaintiff a duty of care arising out of that section.

We conclude that the court properly determined that the plaintiff failed to submit evidence disclosing the existence of a genuine issue of material fact in regard to her claim that the defendant had possession and control of the premises and, therefore, owed her a duty. The court properly granted the motion for summary judgment.

II

The plaintiff next claims that the court abused its discretion in failing to rule on her pending request to amend her complaint. We disagree.

The record reflects that the plaintiff waited approximately two and one-half years after the incident and after the defendant filed his motion for summary judgment to file her request to amend. The court, in rendering summary judgment, noted that it was aware of the

request but would not address it since it "was filed subsequent to the motion for summary judgment."

"While our courts have been liberal in permitting amendments; *Johnson* v. *Toscano*, 144 Conn. 582, 587, 136 A.2d 341 (1957); this liberality has limitations. Amendments should be made seasonably. Factors to be considered in passing on a motion to amend are the length of the delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment. *Cummings* v. *General Motors Corporation*, 146 Conn. 443, 449–50, 151 A.2d 884 (1959). The motion to amend is addressed to the trial court's discretion which may be exercised to restrain the amendment of pleadings so far as necessary to prevent unreasonable delay of the trial. . . . *Beckman* v. *Jalich Homes, Inc.*, 190 Conn. 299, 302–303, 460 A.2d 488 (1983). Whether to allow an amendment is a matter left to the sound discretion of the trial court. This court will not disturb a trial court's ruling on a proposed amendment unless there has been a clear abuse of that discretion. . . . It is the [plaintiff's] burden . . . to demonstrate that the trial court clearly abused its discretion." (Citations omitted; internal quotation marks omitted.) *AirKaman, Inc.* v. *Groppo*, 221 Conn. 751, 766–67, 607 A.2d 410 (1992).

It was well within the court's discretion to grant or deny the plaintiff's request. The court exercised its discretion by first hearing and ruling on the defendant's motion for summary judgment. Having granted the motion and rendered judgment, the court no longer was compelled to act on the plaintiff's request. We are not persuaded that the court abused its discretion by acting on the earlier filed motion.

The judgment is affirmed.

In this opinion HENNESSY, J., concurred.

MIHALAKOS, J., dissenting. I respectfully disagree with the majority and would reverse the summary judgment of the trial court. I believe that the majority, in part I of its opinion, incorrectly concludes that (1) during the settlement of an estate, an executor never has a duty pursuant to General Statutes § 45a-321 to keep in a reasonably safe condition certain real property of the estate and (2) in the present case, there is no genuine issue of material fact as to whether the executor in the present case (the defendant) owed the plaintiff a duty of care. I do agree, however, with part II of the majority opinion.[1]

The majority misconstrues *Claydon* v. *Finizie*, 7 Conn. App. 522, 508 A.2d 845 (1986), and, as a result, construes § 45a-321 too narrowly, so much so that the intent of the legislature, as is indicated by the clear and unambiguous text of that section, has been unduly subordinated, if not ignored altogether. Section 45a-321 (a) provides in relevant part: "The *fiduciary* of a decedent's estate shall, during settlement, have *the possession, care and control* of the decedent's real property . . . unless such real property has been *specifically devised* or directions have been given by the decedent's will which are inconsistent with this section . . . ."[2] (Emphasis added.) Despite the text of that statute, the majority concludes that (1) an executor has possession, care and control over real property *only* if that property is needed to meet claims against the estate, (2) therefore, the defendant did not have posses-

---

[1] From the outset, I note that the plaintiff, in this negligence action, is seeking to recover from the decedent's estate and has properly sued the defendant since the defendant, as executor, is the representative of the decedent's estate. Cf. General Statutes § 52-599 (a) ("cause or right of action shall not be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of the deceased person").

[2] I note, for clarity, that the defendant, as the executor, serves as the fiduciary for the decedent's estate. See *Hall* v. *Schoenwetter*, 239 Conn. 553, 559, 686 A.2d 980 (1996).

sion, care or control of 83 Cambridge Drive and (3) for the foregoing reasons, the defendant did not have a duty to keep the driveway of 83 Cambridge Drive in a reasonably safe condition. I respectfully disagree with those conclusions and believe that *Claydon* v. *Finizie*, supra, 522, does not control and that its predecessor, *O'Connor* v. *Chiascione*, 130 Conn. 304, 33 A.2d 336 (1943), along with § 45a-321 and the text of the Probate Court order, requires that the summary judgment be reversed.

In *O'Connor* v. *Chiascione*, supra, 130 Conn. 306, our Supreme Court ultimately concluded that an administrator of an estate "can make no lease which will run beyond the settlement of the estate" because (1) "the right of possession and control is in [an administrator] only as a fiduciary for those interested in the estate" and (2) that right "cease[s] at the settlement of the estate . . . ." Although that conclusion is not relevant to the present case, the reasoning employed by our Supreme Court is. In contemplating the right of possession and control, our Supreme Court stated that "[o]n the death of the [decedent], title to [the decedent's] real estate at once passes to his heirs, *subject to* being defeated should it be necessary for the administration of the estate that it be *sold* by order of the court, *and subject to* the right of the administrator [or executor] to have *'possession, care and control'* of it during the settlement of the estate, unless the probate court shall otherwise order." (Emphasis added.) Id. Although "the right of possession and control is in [an administrator (or an executor)] only as a fiduciary for those interested in the estate"; id.; the text quoted from *O'Connor* indicates that an executor can have possession, care and control of real property of an estate even if the property is not needed to meet claims against the estate, i.e., even if there is no occasion to permit the exercise of

the executor's *power*.[3] See also General Statutes § 45a-321 (a). Relying solely on *Claydon* v. *Finizie*, supra, 7 Conn. App. 522, the majority mistakenly concludes otherwise.

In *Claydon* v. *Finizie*, supra, 7 Conn. App. 526–27, this court concluded that an administrator of an estate did not have standing to seek a partition and sale of certain real property of the estate because the administrator had not alleged that the proceeds from the proposed partition and sale were needed to satisfy debts of the estate. In so doing, this court stated: "Where, as in the instant case, no allegation is made that the property is needed to meet claims against the estate, there can be no occasion to permit the exercise of the executor's *power*." (Emphasis added; internal quotation marks omitted.) Id., 526. In the present case, if the defendant had been maintaining the driveway at 83 Cambridge Drive in a reasonably safe condition, he would not have been acting in derogation of the right of an heir, especially considering that the decedent's widow, who was living in the house on that property, was not named in the decedent's will as the beneficiary of that property. Hence, the defendant would not have been exercising his *power*. See footnote 3. Consequently, I believe that *Claydon* does not control the present case. Instead, the clear and unambiguous text of § 45a-321 controls and, conveniently, the result it prescribes does not conflict with *O'Connor*.

Generally, an executor has possession, care and control of the decedent's real property during settlement of the estate unless one of the following three conditions is satisfied: (1) such real property has been specifically devised; (2) directions are given in the decedent's will

---

[3] Our Supreme Court and this court have referred to an act by an executor that is in derogation of the rights of the heirs as an exercise of the executor's *power*. See, e.g., *Brill* v. *Ulrey*, 159 Conn. 371, 376, 269 A.2d 262 (1970); *Claydon* v. *Finizie*, supra, 7 Conn. App. 526.

that are inconsistent with § 45a-321; or (3) a court orders the executor to surrender possession and control of such real property to the heirs or devisees, or orders distribution of such real property during settlement of the estate. See General Statutes § 45a-321 (a).[4] Thus, in the present case, the decedent's will must be examined to determine whether the first or second condition is satisfied.

The decedent's will is simple and consists of an exordium followed by three paragraphs of instructions. In the exordium, the decedent declared, inter alia, that he was of lawful age, of sound mind, memory and judgment. The first paragraph directs the executor to pay the funeral expenses, taxes and debts, and the second paragraph consists solely of burial instructions. The third and final paragraph, which is most pertinent, provides: "All the rest, residue and remainder of my estate, both real and personal, of whatever kind and nature, wherever situated, of which I shall die seized or possessed, or to which I might in any manner be entitled to at the time of my death, I give, devise and bequeath, in equal shares, to my sister, Mary DeLuco, currently residing in the Town of East Hartford, Connecticut, my brother Joseph Dallessio, currently residing in the Town of Windsor, Connecticut and my brother, Carmen Dallessio, currently residing in the Town of Wethersfield, Connecticut."

The decedent's will clearly does not contain directions that are inconsistent with § 45a-321 (a). It also

---

[1] General Statutes § 45a-321 (a) provides: "The fiduciary of a decedent's estate shall, during settlement, have the possession, care and control of the decedent's real property, and all the products and income of such real property during such time shall vest in the fiduciary as personal property, unless such real property has been specifically devised or directions have been given by the decedent's will which are inconsistent with this section; but the court may order surrender of the possession and control of such real property to the heirs or devisees, or may, during settlement, order distribution of such real property."

does not contain a specific devise. A brief analysis concerning the latter conclusion is warranted, however.

"The fundamental distinction between general and specific legacies is that the former may be satisfied out of the general assets of the testator's estate without regard to any particular fund, thing, or things, while the latter are gifts of particular specified things, or of the proceeds of the sale of such things, or of a specific fund or a defined portion thereof. In the case of the former, there is no intent on the part of the testator to make a specific disposition of particular assets of his estate as such; in the latter case, the intent is that the attempted donation shall be satisfied by the delivery of specific property forming a part of the estate, and so described as to be identified as the subject of the gift, and in no other way." (Internal quotation marks omitted.) *Burnham* v. *Hayford*, 141 Conn. 96, 102, 104 A.2d 217 (1954); see also *Rosenfeld* v. *Frank*, 208 Conn. 562, 572, 546 A.2d 236 (1988).

In the present case, the residuary clause merely directed the executor to divide the residue of the decedent's estate into three equal shares and distribute one share to each of three beneficiaries. There is no indication in this clause, or in the remainder of the will, that the testator (the decedent) intended to make a specific disposition of particular assets of his estate. Accordingly, I believe that the property at 83 Cambridge Drive was not specifically devised.

The third condition is not satisfied unless the record discloses that a court ordered (1) the executor to surrender possession and control of 83 Cambridge Drive to heirs or devisees of the decedent's estate or (2) distribution of that property during settlement of the decedent's estate. See General Statutes § 45a-321 (a). The record does not disclose that a court ordered distri-

bution of 83 Cambridge Drive. Thus, I focus my analysis on the former possibility.

The majority, after consulting § 45a-321 (a), appears to conclude that, on January 21, 1997, the Probate Court ordered the defendant to surrender possession and control of 83 Cambridge Drive and that this order establishes, as a matter of law, that the defendant did not owe the plaintiff a duty of care.[5] As discussed previously, § 45a-321 (a) permits a Probate Court to order an executor to surrender possession and control of real property of the estate; however, when a Probate Court issues an order of this type, the possession and control must be surrendered to heirs or devisees. See General Statutes § 45a-321 (a). The decedent's will discloses, however, that the decedent's widow is neither an heir nor a devisee of 83 Cambridge Drive. As I explain below, I believe instead that the Probate Court issued the January 21, 1997 order pursuant to § 45a-321 (b).

Section 45a-321 (b) provides that "[t]he family of the decedent shall be allowed to remain in the dwelling house occupied by him at the time of his death, and may occupy such land and buildings connected therewith as the court considers necessary for their convenience and comfort until the same is sold, distributed or otherwise disposed of according to law."[6] The affidavits in the present case indicate that, prior to the death of the

---

[5] On January 21, 1997, the Probate Court rendered the following order: "The petitioner, Mary V. Dallessio [the decedent's widow], shall have the use of the family car and marital home [the property at 83 Cambridge Drive] for one year from the date of death. The Executor shall maintain insurance of the car and shall fill the oil tank for the house using the assets of the estate. During this time, Mary V. Dallessio shall grant the Executor, upon reasonable notice by him, reasonable access to the house for purposes of cleaning the house and listing the house with a broker for sale."

[6] It is important to note that it is undisputed that the decedent died on October 8, 1996. The plaintiff alleges in her complaint that her injury occurred on June 19, 1997, which is within one year of the decedent's death.

decedent, the decedent and his widow lived on the property at 83 Cambridge Drive. One of the affidavits also indicates that the decedent's widow was living at 83 Cambridge Drive on June 19, 1997, which is the date that the plaintiff allegedly sustained injury while walking on the driveway of that premise. When considered in the context of a premises liability action, the relationship that arose between the decedent's widow and the defendant as a result of the Probate Court's order appears to be analogous to that which exists between a tenant and a landlord. Thus, I believe that the appropriate resolution of this appeal must consider and apply the principles of landlord and tenant law and premises liability.

"[A]s a matter of common law, although landlords owe a duty of reasonable care as to those parts of the property over which they have retained control, landlords generally '[do] not have a duty to keep in repair any portion of the premises leased to and in the exclusive possession and control' of the tenant." *Gore* v. *People's Savings Bank*, 235 Conn. 360, 374, 665 A.2d 1341 (1995). In other words, "[t]he generally accepted rule imposing liability on a landlord is that it is the duty of a landlord to use reasonable care to keep in reasonably safe condition the parts of the building over which he reserves control." *Dinnan* v. *Jozwiakowski*, 156 Conn. 432, 434, 242 A.2d 747 (1968); see also General Statutes § 47a-7 (a) (3).[7]

"Retention of control is essentially a matter of intention to be determined in the light of all the significant circumstances." *Dinnan* v. *Jozwiakowski*, supra, 156 Conn. 434. "The word 'control' has no legal or technical meaning distinct from that given in its popular accepta-

---

[7] General Statutes § 47a-7 (a) provides in relevant part: "A landlord shall . . . (3) keep all common areas of the premises in a clean and safe condition . . . ."

tion . . . and refers to the power or authority to manage, superintend, direct or oversee. . . . Unless it is definitely expressed in the lease, the circumstances of the particular case determine whether the lessor has reserved control of the premises or whether they were under the exclusive dominion of the tenant, and it becomes a question of fact and is a matter of intention in the light of all the significant and attendant facts which bear on the issue." (Citations omitted.) *Panaroni* v. *Johnson*, 158 Conn. 92, 98, 256 A.2d 246 (1969).

In the present case, there is, of course, no lease. Instead, the Probate Court order created the relationship between the decedent's widow and the defendant. In that order, the Probate Court did not definitively express whether the defendant retained control over the driveway at 83 Cambridge Drive. See footnote 5. Consequently, whether the defendant retained control of the driveway is a question of fact and should be considered in the light of all the significant and attendant facts that bear on the issue.[8] Cf. id. It necessarily follows that whether the defendant owed the plaintiff a duty of care is a question of fact. See *Dinnan* v. *Jozwiakowski*, supra, 156 Conn. 434. With this conclusion in mind, I consider the propriety of the trial court's decision granting the defendant's motion for summary judgment.

"The standards governing [this court's] review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party

---

[8] I do not question that the January 21, 1997 order may be relevant and admissible at a trial, should one occur. I am wary, however, of the role that order played in the majority's analysis.

is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book § 381 [now § 17-46]." (Citations omitted; internal quotation marks omitted.) *Rivera* v. *Double A Transportation, Inc.*, 248 Conn. 21, 24, 727 A.2d 204 (1999).

The two affidavits submitted by the plaintiff in opposition to the defendant's motion for summary judgment provide an evidentiary foundation that demonstrates that a genuine issue of material fact exists as to whether the defendant owed her a duty of care. The decedent's widow, in her affidavit, states, "It was my understanding with Joseph Dallessio [the executor] that he was responsible for all exterior maintenance, including lawn care, snow removal and whatever was necessary on the outside of the house." The plaintiff, in her affidavit, states, "Joseph Dallessio [the executor] was observed by me to have inspected the exterior of the premises shortly after Dominic Dallessio's [the decedent's] death. . . . One time during the early winter, 1997, there was necessary plumbing work done and Joseph Dallessio [the executor] paid for the same." When viewed in the light most favorable to the plaintiff, those two affidavits establish that the defendant had control over the property at 83 Cambridge Drive, including the driveway. Cf. *Panaroni* v. *Johnson*, supra, 158 Conn. 99 ("making of repairs by the landlord, in and of itself, may denote a retention of control or may be an indicia of limited, temporary or full control"). Accordingly, I believe that

the trial court improperly concluded that the affidavits were insufficient to support a finding that the defendant owed the plaintiff a duty of care. Because that conclusion was the sole basis of the trial court's decision to grant the motion for summary judgment, and the defendant, on appeal, has not presented to this court an alternate ground for affirming the judgment, I would reverse the judgment of the trial court.

Accordingly, I respectfully dissent as to part I of the majority opinion.