[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' WHETHER PRODUCT RECEIVED AS A SALE UNDER THE PRODUCT LIABILITY STATUTE, AND WHETHER ACTION BARRED BY WORKERS' COMPENSATION ACT
In the Second Count of his Third Amended Complaint, dated April 26, 1999, plaintiff William Carrasquillo alleges that he is a resident of Connecticut, and that while working as an employee of the New York Organic Fertilizer Company (Nyofco) in Bronx, New York on November 22, 1995, he was injured through the use of a defective spout that was a part of an organic fertilizer transport system. Specifically, the plaintiff alleges that while he was moving a machine spout at Nyofco in the Bronx in an effort to load a railroad car with fertilizer pellets, the machine spout — a part of the fertilizer transport system — caused his injury. The plaintiff also alleges that Nyofco is a foreign corporation doing business in Connecticut.
In the Second Count the plaintiff also alleges that Wheelabrator Technologies, Inc. (Wheelabrator) — likewise a foreign corporation doing business in Connecticut — is engaged in the business of, inter alia, designing, manufacturing, assembling, selling and leasing the organic fertilizer transport system, including the machine shout, which he was using at the Nyofco facility in Bronx, New York.
Furthermore, the plaintiff avers that the spout that caused his injury is a defective product within the meaning of the Connecticut Product Liability Act — Conn. Gen. Stat. Sec. 52-572m, et seq. — and CT Page 15821 that this Act entitles him to money damages for his injury.
The plaintiff further alleges that this action is brought "within the provisions of the Workers Compensation Act, Connecticut General Statutes Section 31-293 and the employer has paid $20,000 to date and may be liable for unknown amounts in the future.
Defendant Wheelabrator has filed a motion for summary judgment in which it asserts that since it is not a "product seller" within the meaning of the Connecticut Product Liability Act, and since the asserted claim is barred by the exclusivity provision of the workers' compensation law, it is not legally accountable for the plaintiff's injuries.
Defendant Wheelabrator has filed a memorandum of law and documents in favor of the motion for summary judgment. Plaintiff William Carrasquillo has filed a memorandum of law and supporting documents in opposition to the motion. In accordance with our court rules, when a motion for summary judgment is sought, it ". . . shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Sec. 17-49. See LaFlamme v. Dallessio, 65 Conn. App. 1 (2001).
The Court shall examine the documents submitted relative to the argument on the motion for summary judgment to determine whether there is a genuine issue of material fact as to whether Wheelabrator is a "product seller" within the meaning of the Connecticut product liability statute and whether the plaintiff's claim in this case is barred by the exclusivity provision of the applicable workers compensation statute.
1. Connecticut Product Liability Act
If applicable to plaintiff's injury at the Nyofco facility in the state of New York, the Connecticut Product Liability Statute provides a cause of action for injuries caused by defective products sold by a "product seller. The statutory definition of a product seller is as follows:
 . . . any person or entity, including a manufacturer, wholesaler, distributor or retailer who is engaged in the business of selling such products whether the sale is for resale or for use or consumption. The term "product seller" also includes lessors or bailors of products who are engaged in the business of leasing or bailment of products.
Conn. Gen. Stat. Sec. 52-572m. CT Page 15822
Defendant Wheelabrator has submitted an affidavit of Peter Scorziello, the Plant Manager at Nyofco in Bronx, New York. In his affidavit Peter Scorziello attests that Wheelabrator did not sell the spout in question, but it was one of two spouts that were purchased in June of 1992 by a predecessor company for delivery to Nyofco. That predecessor company then owned Nyofco.
The affidavit further attests that on October 15, 1992, a wholly owned subsidiary of Wheelabrator purchased Nyofco, and that the spouts — used to transfer finished fertilizer pellets from holding silos to rail cars for transport — were never sold by Wheelabrator, nor by any of its affiliated companies, and that Nyofco is owned by a partnership consisting of Wheelabrator, the general partner with a ninety-nine per cent ownership interest, and Nyofco Holdings, Inc., a limited partner with a one per cent ownership interest.
From the documents submitted the court finds that the parties agree that Nyofco and the City of New York entered into a written agreement on August 21, 1991, committing Nyofco to designing, constructing and maintaining a facility in Bronx, New York for processing, transporting and disposing of sewage waste. Pursuant to this contract Nyofco constructed a fertilizer plant in the Bronx in 1993, and developed a process by which city sewage was converted to fertilizer pellets which were then for purpose of transport loaded into railroad cars by use of the system that included the subject fertilizer spout. Pursuant to this written agreement the City of New York pays $4,311,500 per month, subject to certain adjustments.
Plaintiff William Carrasquillo claims, inter alia, that one of these payments paid for the subject spout which Wheelabrator sold to the City, thus making Wheelabrator a "product seller" under the product liability statute. Wheelabrator responds by pointing out that 1) the contract for sewage disposal is a service contract and not a contract for the sale of machine spout products, and 2) the affidavit of Peter Scorziello, its Plant Manager, states in part that Wheelabrator has not sold the spouts to an affiliate nor to any other entity.
Although the plaintiff argues that a genuine issue of material fact exists as to whether Wheelabrator is a product seller with respect to the subject spout, the court finds that he has not presented any evidence to support his claim. "Although the moving party must show the nonexistence of any material fact, an opposing party must substantiate its adverse claims by showing that there is a genuine issue of material fact along with the evidence disclosing the existence of such an issue. Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001
CT Page 15823 (1995)" LaFlamme v. Dallesio, 65 Conn. App. 1, 5 (2001).
11. Workers Compensation Claim
Although plaintiff William Carrasquillo alleges in his Third Amended Complaint that he was an employee of Nyofco at the time of his injury, his deposition testimony shows otherwise. At his deposition on this point, the plaintiff stated under oath that he was an employee of Wheelabrator and that his paychecks were labeled Wheelabrator. (Transcript, page 14). Nevertheless, Wheelabrator admits that the plaintiff was an employee of Nyofco. Wheelabrator declares that the plaintiff filed a workers compensation claim in the State of New York and by virtue thereof received workers compensation benefits for his injury. In his affidavit in support of this position Peter Scorziello so attests and states further that Nyofco and Wheelabrator are covered by the same workers compensation policy.
Defendant Wheelabrator contends further that plaintiff's receipt of workers compensation benefits bars this present civil action for damages. In this regard, the defendant refers the court to the following provision in Section 11 of the workers' compensation law of the State of New York:
 [t]he liability of an employer . . . shall be exclusive and in place of any other liability whatsoever, to such employee . . . entitled to recover damages, contribution or indemnity, at common law or on account of such injury death or liability arising therefrom.
The defendant argues and the court agrees that under the ruling ofCleveland v. U.S. Printing Ink, 218 Conn. 181, 194 (1991) the provisions of the workers' compensation law of the State of, New York govern this claim inasmuch as injury, employment contract and the employment relations were in that state. Thus, the court finds that the exclusivity provision of the workers' compensation law of New York bars the plaintiff's civil action.
111. Conclusion
For the foregoing reasons the court finds that there is no genuine issue of material facts to be resolved as to whether defendant Wheelabrator is a "product seller" under the product liability statute, nor as to whether plaintiff William Carrasquillo's civil action is barred by the exclusivity provision of the workers' compensation statute of the State of New York. The court further finds that on both legal theories, CT Page 15824 defendant Wheelabrator is entitled to judgment as a matter of law.
Accordingly, defendant Wheelabrator's Motion for Summary Judgment is granted.
Clarance J. Jones, Judge