[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE APPORTIONMENT COMPLAINT #105
 FACTS
On January 31, 2000, the plaintiff Ralph K. Hayes, administrator of the estate of the decedent Andrew W. Hayes, filed a complaint against the CT Page 1297-dt defendants Caspers, Ltd., doing business as Lyme Tavern Café Dianne L. Lynch, Ahern Enterprises, Inc., doing business as the Golden Spur Package Store, John C. Ahern and Kevin Gibbs.
The complaint alleges that on or about April 3, 1999, the decedent went to the Golden Spur Package Store and purchased alcohol, that he later consumed. That same evening, Caspers permitted the decedent to enter the Lyme Tavern Café serving him intoxicating beverages despite the fact that he was under twenty-one years of age. On April 4, 1999, Kevin Gibbs, a patron at the café provided the decedent with a substance known as "invigorate." Thereafter, as the café was closing, the decedent became semi-conscious and/or unconscious. Subsequently, Kurt Hayes, brother of the decedent, took the decedent to his home. Shortly thereafter, Kurt Hayes called an ambulance after noticing that the decedent was having difficulty breathing. The decedent was transported to Lawrence Memorial Hospital where he was pronounced dead at 5:14 a.m.
On June 23, 2000, Caspers (apportionment plaintiff) filed an apportionment complaint against Kurt Hayes (apportionment defendant). The apportionment complaint alleges in a single count that the apportionment defendant took control over the decedent during the early morning hours of April 4, 1999. It alleges further that the apportionment defendant's actions or lack of action significantly contributed to the death of the decedent, in that the apportionment defendant negligently failed to take reasonable action, such as calling for an ambulance when the decedent became sick, semi-conscious and/or unconscious. On July 11, 2000, the apportionment defendant filed a motion strike the first and only court in the apportionment complaint on the ground that it is legally insufficient as the apportionment defendant owed no duty of care to the decedent in the underlying suit. The apportionment defendant also filed a memorandum in support of its motion. On July 27, 2000 the apportionment plaintiff filed a memorandum in opposition.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). "[W]e construe the complaint in the manner most favorable to sustaining its legal sufficiency."(Internal quotation marks CT Page 1297-du omitted.) Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well pleaded facts . . . are taken as admitted." (Internal quotation marks omitted.) Id. "Moreover, . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Internal quotation marks omitted.) Lombardv. Edward J. Peters. Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000).
The apportionment defendant moves to strike the first and only count of the apportionment plaintiff's complaint on the ground that the complaint fails to state a claim upon which relief can be granted. The apportionment defendant argues that he did not owe the decedent a duty of care, and therefore did not act negligently. In opposition, the apportionment plaintiff argues that because the apportionment defendant "took control" of the decedent, the apportionment defendant owed the decedent a duty of care.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 566, 707 A.2d 15 (1998); LaFlamme v.Dallessio, 65 Conn. App. 1, 4, 781 A.2d 482, cert. granted, 258 Conn. 924,783 A.2d 1027 (2001). "The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand. . . . We have stated that the test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case. . . . The first part of the test invokes the question of foreseeability, and the second part invokes the question of policy." (Citations omitted; internal quotation marks omitted.) Gazo v. Stamford, supra, 255 Conn. 250.
"One who gratuitously undertakes a service that he has no duty to perform must act with reasonable care in completing the task assumed."Coville v. Liberty Mutual Ins. Co., 57 Conn. App. 275, 282, 748 A.2d 875, cert. granted, 253 Conn. 919, 255 A.2d 213 (2000). The Appellate Court recognizes that "the duties set forth in [§ 324 of the Restatement (Second) of Torts] are consistent with the recognized principle of Connecticut law that one who gratuitously undertakes an act will be CT Page 1297-dv liable for performing it negligently." Coville v. Liberty Mutual Ins.Co., supra, 57 Conn. App. 281. "Section 324 of the Restatement (Second) provides in relevant part that `[o]ne who, being under no duty to do so, takes charge of another who is helpless adequately to aid or protect himself is subject to liability to the other for any bodily harm caused to him by (a) the failure of the actor to exercise reasonable care to secure the safety of the other while within the actor's charge. . . .' [2 Restatement (Second), Torts] § 324, p. 139 [1965]. . . . Comment (b) to § 324 states that `[t]he rule stated in this Section is applicable whenever one takes charge of another who is incapable of taking adequate care of himself. It applies equally where the other is rendered helpless by his own conduct, by the tortious or innocent conduct of the actor, or by other causes, as where the actor takes charge of one who is ill, drunk, or made helpless by the act of a third person or a force of nature.' Id., § 324, comment (b), p. 140." Coville v. Liberty MutualIns. Co., supra, 57 Conn. App. 280-81. Likewise, "[t]he treatise [by Prosser and Keeton] concludes that a person who takes charge of an intoxicated party is regarded as entering voluntarily into a relation which is attended with responsibility." (Internal quotation marks omitted.) Id., 281, quoting W. Prosser W. Keeton, Torts (5th Ed. 1984) § 56.
In the matter before this court, the apportionment plaintiff has alleged sufficient facts to indicate that the apportionment defendant, in transporting the decedent to his home while in a semi-conscious or unconscious state, took charge of the decedent. The facts alleged in the apportionment complaint, construed in a light most favorable to the apportionment plaintiff, indicate that the apportionment defendant voluntarily entered into a relation with the decedent that was attended with responsibility. Therefore, the court concludes that the apportionment defendant assumed a duty to act with reasonable care toward the decedent. Consequently, the apportionment defendant is potentially subject to liability.
 CONCLUSION
The apportionment plaintiff has alleged sufficient facts to establish that the apportionment defendant owed the decedent a duty of care. Accordingly, the apportionment defendant's motion to strike is denied.
Martin, J. CT Page 1297-dw