[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Metro-North Railroad (Metro-North), filed a second amended complaint on February 11, 2000, alleging in three counts: negligence, unjust enrichment, and conversion against the defendant Robert S. Miller.[1] The allegations and claims stem from Miller's service of a writ of execution on Metro-North on January 8, 1993. The writ had been issued by the United States District Court for the District of Connecticut as the result of a settlement judgment against Metro-North in a federal lawsuit. As the result of Miller's seizure of two train cars as a levy on the judgment, Metro-North paid Miller $1,243,187.54, which included Miller's $113,017.10 fee for serving the writ of execution.
Metro-North subsequently learned that Miller, a deputy sheriff of New Haven County, had not been authorized under federal law to make the service (he was not a "specially appointed" person under Rule 4.1(a) of the Federal Rules of Civil Procedure). As a result, Metro-North commenced the present action against Miller, and Cahill, Goetsch DiPersia, P.C., the law firm charging Miller with duties under the writ.
Metro-North moves for summary judgment on count two, unjust enrichment, seeking to recover $113,017.10 plus interest from January 11, 1993, claiming that Miller has been unjustly enriched since he was not authorized to serve the writ and therefore not entitled to collect a fee. Metro-North claims that its motion should be granted because there are no genuine issues of material fact in dispute, specifically, that Miller admits he was not "specially appointed" as required. Metro-North paid the sheriffs fee under the mistaken belief that the writ of execution was in all respects proper. In support of its motion, Metro-North submits: (1) an affidavit of Richard K. Bernard, vice-president and general counsel of Metro-North, claiming that Miller served the writ, seized the cars, Metro-North paid the outstanding judgment and Miller's fee, and he subsequently learned in 1995 that Miller was not authorized as a "specially appointed" person to serve the writ; (2) an affidavit of CT Page 16294 Amy S. Cohen, attorney for Metro-North to place before the court certain pleadings and other documentary evidence which establishes that Miller was not "specially appointed" at the time he served the writ of execution; (3) the writ of execution; (4) Miller's records, including accounting of the bill, check from Metro-North, and hand-written receipt; (5) the apportionment summons and complaint served by Miller against Cahill, Goetsch DiPersia, P.C., and the summons and complaint served by Metro-North against Miller; (6) the docket record and continuation sheet from the original case of Manes v. Metro-North Railroad, No. 90-383 (D. Conn. filed August 2, 1990).; and (7) the amended complaint dated February 15, 2000.
Miller objects to Metro-North's motion for summary judgment, claiming that genuine issues of material fact exist and that Metro-North is not entitled to judgment as a matter of law. Miller argues: that facts surrounding the service of the writ are unresolved and shield him from liability and the equitable claim of unjust enrichment; Metro-North's knowing and voluntary payment of the fee would be a waiver of its right to recover; Metro-North has unclean hands in making payment to secure removal of the levy on its property without following legal process; and their delay of almost three years precludes recovery under a theory of laches. These special defenses are pleaded in Miller's answer and asserted in his objection to the motion for summary judgment.
Miller further claims that Metro-North is not entitled to judgment as a matter of law. He claims that: Metro-North has no right to seek recovery under a theory of unjust enrichment as there was no contractual relationship between the parties, that General Statutes § 52-583
limits negligence suits against a sheriff to two years, that a sheriff has a statutory duty to serve all process given to him for service; and that no appointment as a federal marshal was needed under FRCP 4.1(a). In support of his objection to the motion for summary judgment, Miller offers: (1) an affidavit of Robert S. Miller attesting to the facts of the service of the writ; (2) the writ of execution; (3) Metro-North's authorization for payment; (4) excerpt from response to request for admissions.
 DISCUSSION
"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The CT Page 16295 party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law." (Citation omitted; internal quotation marks omitted.) LaFlamme v. Dallessio, 261 Conn. 247, 250,802 A.2d 63 (2002).
"Unjust enrichment is a very broad and flexible equitable doctrine that has as its basis the principle that it is contrary to equity and good conscience for a defendant to retain a benefit that has come to him at the expense of the plaintiff. . . . The doctrine's three basic requirements are that (1) the defendant was benefitted, (2) the defendant unjustly failed to pay the plaintiff for the benefits, and (3) the failure of payment was to the plaintiffs detriment. . . . All the facts of each case must be examined to determine whether the circumstances render it just or unjust, equitable or inequitable, conscionable or unconscionable, to apply the doctrine." (Citations omitted; internal quotation marks omitted.) Gagne v. Vaccaro, 255 Conn. 390, 409,766 A.2d 416 (2001). "Unjust enrichment applies whenever justice requires compensation to be given for property or services rendered under a contract, and no remedy is available by an action on the contract. . . . Indeed, lack of a remedy under the contract is a precondition for recovery based upon unjust enrichment." (Citation omitted; internal quotation marks omitted.) Id., 401.
Metro-North's argument in support of its motion for summary judgment relies on the undisputed fact that Miller was not "specially appointed" under the Federal Rules of Civil Procedure at the time he served the writ. Metro-North points to the case of Schneider v. National PassengerRailroad Corp., 72 F.3d 17 (2d Cir. 1995), which also involved Miller's improper service of a writ of execution issued in a federal lawsuit. In this case the court found that the service was defective because he was not "specially appointed" under Rule 4.1, and they were therefore not liable for his fee. The facts in Schneider are different, however, as the fee for service was never paid and Miller sued for payment, whereas in the instant case, the fee has been paid and Metro-North is now attempting to have it returned. Metro-North's claim that Miller has been unjustly enriched by his retaining the fee further relies upon case law from the Supreme Court of Errors of Connecticut in Gilpatric v. Hartford,98 Conn. 471, 480, 120 A. 317 (1923), which states that a payee has no right to retain a mistaken payment. This case also states that the payor must "be free from moral or legal obligation to make the payment. . . ." Id.
Metro-North fails, however, to develop a legal claim under a theory of unjust enrichment, relying instead on the argument that simply because CT Page 16296 Miller was not "specially appointed" he has been unjustly enriched by retaining the fee. The elements of a claim for unjust enrichment are: that the defendant received a benefit, the defendant failed to pay for the benefit, and that the failure to pay for the benefit was to the plaintiffs detriment. Gagne v. Vaccaro, supra, 255 Conn. 409. Metro-North makes no argument that Miller was under any obligation to pay for the benefit he received. To the contrary, it is illogical to claim that the performance of Miller's duties in serving the writ of execution would give rise to any obligation to confer a benefit on Metro-North in exchange for the fee. Metro-North fails to establish that unjust enrichment as a cause of action is an appropriate remedy according to facts of this case.[2]
Its motion for summary judgment and subsequent reply memorandum in support of the motion fails to establish that all required prongs of an unjust enrichment cause of action have been met in this case. Metro-North is not entitled to summary judgment as a matter of law on this count and it is therefore not necessary to consider whether or not there are issues of genuine fact in dispute.
BY THE COURT
 ___________________ Booth, J.