[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Ronald Baricko, was employed by Chesebrough-Pond's USA Co. from November 1989 until January 1994. The defendant, Tom Roberts, was the director of human resources at Chesebrough-Pond's USA Co. In late September and early October of 1993 the defendant allegedly received complaints from some of the plaintiffs co-workers claiming that he sexually harassed them. The defendant allegedly conducted an investigation into the allegations of sexual harassment. The plaintiff was terminated from his employment on January 10, 1994. The plaintiff filed an amended complaint on December 8, 1997. Counts one through five of the amended complaint alleged intentional infliction of emotional distress. Counts six and seven of the amended complaint alleged promissory estoppel. On December 26, 2000, this court granted summary judgment in favor of the defendants, Chesebrough-Pond's USA Co., Alex Znaiden, Alan Suares and James McCall, as to counts one, two, three, five, six, and seven of the amended complaint. Baricko v.Chesebrough-Pond's USA Co., Superior Court, judicial district of New Haven, Docket No. CV 97 0395642 (December 26, 2000, Zoarski, J.T.R.). This court, however, denied the motion for summary judgment filed by the defendant, Tom Roberts, as to count four of the amended complaint. Id. This remaining defendant now files a "further" motion for summary judgment on the only remaining count, count four, of the plaintiffs amended complaint.
"Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Gaynor v. Payne, 261 Conn. 585, 590,804 A.2d 170 (2002). "The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law."LaFlamme v. Dallessio, 261 Conn. 247. 250, 802 A.2d 63 (2002). The "party opposing summary judgment must substantiate its adverse claim by showing CT Page 16194 that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) BuellIndustries, Inc. v. Greater New York Mutual Ins. Co., 259 Conn. 527,550, 791 A.2d 489 (2002). "[T]he evidence [presented in support of a motion for summary judgment], if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist." (Internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,579, 573 A.2d 699 (1990).
The defendant, in his memorandum in support of his "further" motion for summary judgment, argues that because there is now no genuine issue of material fact with regard to whether he falsely accused the plaintiff of sexual harassment, he is entitled to summary judgment as a matter of law. The defendant cites this court's decision in Baricko v. KChesebrough-Pond's USA Co., supra, Superior Court, Docket No. CV 97 0395642, and posits that the plaintiff was found to have not alleged facts or provided sufficient evidence supporting the allegation that the defendant's conduct exceeded all bounds usually tolerated by decent society. The defendant notes, however, that this court denied the defendant's motion for summary judgment because there still existed a genuine issue of material fact as to "whether false sexual harassment allegations made by a workplace supervisor for the purpose of discrediting an employee rises to the level of extreme and outrageous conduct." Id. The defendant argues that because he has now provided uncontradicted evidence that he did not falsely accuse the plaintiff of sexual harassment, he is entitled to a judgment as a matter of law.
The plaintiff, in his "rejoinder memorandum," argues that there is a genuine issue of material fact as to whether the defendant falsely accused him of sexual harassment. The plaintiff raises various questions surrounding the evidence submitted by the defendant and proposes that because the answers are not readily ascertainable, a genuine issue of material fact exists. For example, the plaintiff questions what happened to the defendant's investigatory notes, the plaintiff questions the thoroughness of Amy Zimmerman's affidavit, and the plaintiff questions the motives behind the defendant's affidavit. The plaintiff asserts that all of these questions must be answered by a jury, and, as a result, summary judgment is inappropriate.
This court previously found that "[t]he plaintiff fail[ed] to allege CT Page 16195 facts or provide evidence that [the defendant's] conduct, in refusing to set aside the plaintiffs termination, exceeds all bounds usually tolerated by decent society." Baricko v. Chesebrough-Pond's USA Co., supra, Superior Court, Docket No. CV 97 0395642. This court did not grant the defendant's motion for summary judgment, however, because a genuine issue of material fact still remained as to whether "false sexual harassment allegations made by a workplace supervisor for the purpose of discrediting an employee rises to the level of extreme and outrageous conduct." Id. The defendant has now provided evidence to support his contention that the plaintiffs co-workers filed sexual harassment complaints with the defendant.[1] The defendant's affidavit states that he "received complaints from several coworkers of the Plaintiff . . . alleging instances of sexually harassing behavior." (Defendant's Exhibit 2, Affidavit of Tom Roberts, February 5, 2002, ¶ 3.) Amy Zimmerman, the plaintiffs co-worker, states in her affidavit that the plaintiff "made sexually suggestive remarks to [her]." (Defendant's Exhibit 3, Affidavit of Amy Zimmerman, [Zimmerman Affidavit] February 5, 2002, ¶ 4.) Her affidavit also states that she "reported [the plaintiffs remarks] to Chesebrough-Ponds management for appropriate action." (Zimmerman Affidavit, ¶ 5.) The plaintiff has provided no evidence in his opposition to the defendant's motion for summary judgment.[2] The bald assertions that a genuine issue of material fact still exists because the defendant's evidence is not loquaciously thorough is insufficient to rebut the defendant's motion for summary judgment. Hammerv. Lumberman's Mutual Casualty Co., supra, 214 Conn. 579. The defendant has provided uncontradicted evidence that the sexual harassment accusations lodged against the plaintiff were not fabricated, and, instead, were grounded in complaints brought by the plaintiffs co-workers.[3] As a result, the defendant's motion for summary judgment is granted.
 ___________________ Howard F. Zoarski, Judge Trial Referee