[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
This action arises out of an alleged slip and fall. The plaintiffs, Jennie and Joseph Sciglimpaglia, have asserted causes of action for negligence, defective highway, and loss of consortium against McDonald's Restaurant of Connecticut, Inc. (McDonald's), Cathy Spero, Richard Spero and the State of Connecticut. The plaintiffs subsequently withdrew their action against the State.
The complaint alleges the following relevant facts: On or about December 9, 1998, Jennie Sciglimpaglia, was an invitee and lawfully upon the premises of a McDonald's Restaurant located between exits 61 and 62 of 1-95. Upon exiting her vehicle, Sciglimpaglia slipped and fell on an accumulation of oil and gasoline located in the drive-thru lane of the restaurant roadway. As a result of the alleged fall, Sciglimpaglia suffered injuries and damages. McDonald's has moved for summary judgment on the ground that it did not owe the plaintiff a duty of care as a matter of law because it did not have possession or control over the property where she fell. The plaintiffs did not file an objection to this motion.
"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law." (Citations omitted; internal quotation marks omitted.) LaFlamme v. Dallessio, 261 Conn. 247, 250, 802 A.2d 63
(2002). "The issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law." Pion v. Southern New England Telephone Co., 44 Conn. App. 657, CT Page 16639 660, 691 A.2d 1107 (1997).
McDonald's argues that there is no genuine issue of material fact that it did not owe Sciglimpaglia a duty of care because the evidence shows that it did not have possession and control of the area where the plaintiff allegedly slipped and fell. "If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant." Gomes v. CommercialUnion Ins. Co., 258 Conn. 603, 614-15, 783 A.2d 462 (2001). Liability for injuries caused by defective premises depends on who has possession and control of the property. LaFlamme v. Dallessio, supra, 261 Conn. 251. "A possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe. . . . In addition, the possessor of land must warn an invitee of dangers that the invitee could not reasonably be expected to discover." (Internal quotation marks omitted.) McDermott v. Calvary Baptist Church,68 Conn. App. 284, 294, 791 A.2d 284, cert. granted on other grounds,260 Conn. 907, 795 A.2d 545 (2002).
In support of its motion for summary judgment, McDonald's states the premises upon which Sciglimpaglia allegedly fell were in the possession and control of Cathy and Richard Spero (the Speros) pursuant to a franchise agreement since 1995.[1] McDonald's submits a copy of the franchise agreement signed by the Speros, as franchisees, which provides in relevant part: "Franchisee is. . . . responsible for all obligations and liabilities of. . . all claims or demands based on damage or destruction of property or based on injury, illness or death of any person . . . directly or indirectly, resulting from the operations of the Restaurant."[2] In addition, the Speros submit a stipulation of facts in which they admit that to the extent that Jennie Sciglimpaglia proves she fell in the drive-thru lane of the restaurant, the premises were in their possession and control.
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party."LaFlamme v. Dallessio, supra, 261 Conn. 250. Although "[t]he party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law"; Id., 250; "[o]nce the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . ." Fidelity Bank v. Krenisky,72 Conn. App. 700, 704, 807 A.2d 480, cert. denied, 262 Conn. 915, ___ A.2d ___ (2002). CT Page 16640
In the present case the nonmoving party has not filed an opposition to this motion. The court finds that the evidence McDonald's submitted is undisputed and demonstrates that there is no genuine issue of material fact that it did not have possession and/or control of the premises upon which Sciglimpaglia allegedly fell. Absent the requisite possession and control of the property, McDonald's has no duty to Sciglimpaglia, and is not liable to her for any alleged injuries. Accordingly, the motion for summary judgment in favor of McDonald's is granted.
 ___________________ D'ANDREA, JTR