[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT #106
Facts
On June 10, 2002, the plaintiff, Chase Manhattan Mortgage Corporation, filed a one-count complaint against the defendant,[1] Frances Bellanceau, seeking foreclosure of a mortgage, possession of the mortgaged property, a deficiency judgment, the appointment of a receiver to collect rent and profits from the mortgaged property, as well as, attorneys fees and costs. The complaint alleges that the plaintiff is an assignee of a note and mortgage executed by the defendant in favor of Crossland Mortgage Corporation. The plaintiff further alleges that it now holds and owns the note and mortgage. On July 10, 2002, the plaintiff moved for a judgment of strict foreclosure.
On July 22, 2002, the defendant filed an answer denying any default as to the terms of the mortgage. On September 10, 2002, the plaintiff filed a motion for summary judgment on the ground that there are no genuine issues of material fact as to the defendant's liability and that it is entitled to judgment as a matter of law. The defendant submitted an objection to the plaintiff's motion for summary judgment, dated October 15, 2002.
Discussion
"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law." (Citation omitted; internal CT Page 2774 quotation marks omitted.) LaFlamme v. Dallessio, 261 Conn. 247, 250,802 A.2d 63 (2002). "[T]he party opposing a [summary judgment] motionmust provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Emphasis in original; internal quotation marks omitted.) Mytych v. May Dept. Stores Co., 260 Conn. 152,164 n. 8, 793 A.2d 1068 (2002). "The existence of the genuine issue of material fact must be demonstrated by counter-affidavits and concrete evidence." (Internal quotation marks omitted.) Pion v. Southern NewEngland Telephone Co., 44 Conn. App. 657, 663, 691 A.2d 1107 (1997).
In order for the plaintiff to make out a prima facie case in a foreclosure action, it must "prove by a preponderance of the evidence that it [is] the owner of the note and mortgage and that [the defendant has] defaulted on the note." Webster Bank v. Flanagan, 51 Conn. App. 733,750-51, 725 A.2d 975 (1999). In the present case, the plaintiff has submitted copies of the mortgage, note and a document indicating the assignment of the mortgage to the plaintiff. (Plaintiff's Exhibits C, D and E.) The plaintiff also submitted two affidavits: (1) Janet Burke, a title searcher, attesting to the note, mortgage and assignment of the interest to the plaintiff; (2) David Lovett, an assistant secretary at the plaintiff's corporation who maintains records of loan payments made to the plaintiff, who attests to the existence of a default for the defendant's failure to make payments on the mortgaged property beginning on January 1, 2001.
The defendant submitted a memorandum of law in opposition accompanied by unauthenticated documents, such as a memorandum of property insurance, copies of postal receipts, cashier checks, and bank statements. The defendant denies that she is in default but fails to offer evidence in support of this assertion.
As the evidence submitted by the plaintiff is undisputed, the plaintiff has made out a prima facie case for the foreclosure of the mortgaged property. Accordingly, the plaintiff's motion for summary judgment is granted because there is no material issue of fact as to the defendant's liability under the mortgage and note.
Judge Martin