[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, a minor, through her mother and legal guardian, brought an action against the defendant for burn injuries she allegedly received as a result of coming into contact with a gas-fired space heater located in the rented premises owned by the defendant. The complaint alleges,inter alia, that the defendant failed to warn the plaintiff's mother that the gas-fired space heater posed an unreasonable risk of causing burns and injury to occupants of the premises and failed to remove the space heater or otherwise render it safe for use to tenants and occupants of the premises although the defendant knew or should have known that the space heater posed an unreasonable risk of causing burns and injury.
The defendant moves for summary judgment on the grounds that he did not control the premises, that the plaintiff had actual notice of the defects alleged in the complaint, and that the defendant had no notice of the defects. In support of his motion, the defendant offers the following.
An affidavit of the defendant stating that the space heater was in proper working condition when the plaintiff took possession of the premises, that prior to the plaintiff's occupancy of the premises, no tenant or occupant of the premises or any other person had complained to him about the presence, functioning, or operation of the space heater, that prior to the alleged incident, the space heater had not malfunctioned in any way or caused harm or injury to any persons, including tenants or other occupants of the premises, and that he had no prior knowledge of any of the purported defects alleged by the plaintiff.
A copy of a lease dated February 27, 1998 providing that the landlord had a right to enter the apartment at reasonable times for the purpose of maintenance/repair work.
A portion of the deposition of the plaintiff's mother in which she states that the space heater would get so hot that "you couldn't touch CT Page 3627 it."
In opposition to the defendant's motion, the plaintiff offered a disclosure of expert witness in which disclosure the expert witness is expected to state, inter alia, that the "gas-fired heater, from a safety point of view, is in a poor location," that the location of the heater in "the main traffic area between the kitchen, dining room and living room is "a hazard and unreasonably dangerous given the circumstances" and that "under the conditions he observed for the surface temperature of the gas-fired cabinet, first degree burns will occur within no more than a few seconds." At oral argument, the plaintiff offered copies of the depositions of the plaintiff and defendant.
The defendant stated in his deposition that he owned the property for ten years, never turned the gas-fired heater on, and doesn't know how to turn it on. He stated that he has touched it when it was on, and it never appeared that hot to him.
Discussion
Practice Book Section 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, . . . affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. "A material fact is a fact that will make a difference in the outcome of the case." Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578
(1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Simply, the granting of summary judgment is appropriate only `if a fair and reasonable person could conclude only one way.'" The defendant argues that he is entitled to judgment as a matter of law because he was not in possession or control of the space heater inside the leased apartment, the plaintiff had actual notice of the purported defects, and he did not have actual or constructive notice of any defect regarding the space heater, and thus he had no legal duty to the plaintiff.
"The essential elements of a cause of action in negligence are well established: duty, breach of that duty, causation, and actual injury. The existence of a duty is a question of law and `[o]nly if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand.'" (Citations omitted.) RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,384 (1994).
"Although the determination of whether a duty exists is ordinarily a CT Page 3628 question of law . . ., under some circumstances, the question involves elements of both fact and law." (Citations omitted.) LaFlamme v.Dallessio, 261 Conn. 247, 251 (2002). The court believes that this case presents such a situation.
As a matter of common law, although landlords owe a duty of reasonable care as to those parts of the property over which they have retained control, landlords generally "[do] not have a duty to keep in repair any portion of the premises leased to and in the exclusive possession and control" of the tenant. Thomas v. Roper, 162 Conn. 343, 349-50 (1972). However, "[a] landlord is subject to liability for physical harm caused to the tenant and others by a dangerous condition existing before or arising after the tenant has taken possession, if he has failed to exercise reasonable care to repair the condition and the existence of the condition is in violation of: (1) an implied warranty of habitability; or (2) a duty created by statute or administrative regulation." In Connecticut, § 47a-7 of the General Statutes provides, in relevant part, that a landlord shall "maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating facilities . . . supplied by him." Gore v. People's Savings Bank,235 Conn. 360, 384 (1995); 2 Restatement (Second), Property, Land and Tenant Section 17.6 (1977).
According to her disclosure of expert witness, the plaintiff expects to present evidence that the location of the gas-fired heater presented a hazardous and unreasonably dangerous condition. Since the defendant presented no evidence that the unit had been moved to that location from another location, the defendant's liability is an issue to be decided by the trier of fact. Under these circumstances, the defendant's evidence of the plaintiff's mother's possession and control of the premises is unavailing to support summary judgment.
The defendant argues that he had no notice of any defect alleged by the plaintiff in her operative complaint. The plaintiff's allegation that the defendant "knew or should have known that the space heater caused an unreasonable risk of causing burns and injury" is sufficient to allege constructive notice on the part of the defendant. A landlord will ordinarily be "chargeable with notice of conditions which existed prior to the time that the tenant takes possession." Gore v. People's SavingsBank, supra, 235 Conn. 384. "Constructive notice is premised on the policy determination that under certain circumstances a person should be treated as if he had actual knowledge." Hall v. Burns, 213 Conn. 446, 479
(1990).
The defendant fails to meet his burden of establishing the absence of CT Page 3629 any genuine issue of material fact. This is one of those cases where the issue of the landlord's duty is not solely a legal issue inasmuch as it depends on whether the space heater is found by the trier of fact to be unreasonably dangerous. The defendant's motion for summary judgment is therefore denied.
GALLAGHER, J. CT Page 3630