[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: RULING ON DEFENDANT AMERICAN PROTECTION INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT
FACTS
The plaintiff, Waterbury Hospital Heath Center, brings this action against the defendant, American Protection Insurance Company (API), alleging breach of contract.[1] Kemper National Insurance Companies (Kemper), the parent company of API, provided a property insurance policy to the plaintiff between June 1992 and June 1996. The Kemper-API Policy #3ZG004884-01 was sold to the plaintiff by Francis M. Jackson Associates, Inc. (Jackson Associates). On November 3, 1995, a fire destroyed the building at 38 Grandview Avenue, Waterbury, CT, one of the satellite buildings belonging to the plaintiff which housed the Waterbury Hospital Psychiatric Day Care Center (PDCC). The fire allegedly caused the plaintiff real and personal property losses, as well as business interruption and extra expense losses.
Presently before the court is the defendant's motion for summary judgment, filed on December 5, 2001. The defendant moves for summary judgment as to count one on the ground that there is no genuine issue of material fact and that it is entitled to summary judgment as a matter of law. In support of the motion, the defendant filed a memorandum of law and attached several documents.[2] The plaintiff filed an objection along with several documents,[3] and the defendant filed a reply memorandum.
 DISCUSSION
"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal CT Page 3792 quotation marks omitted.) LaFlamme v. Dallessio, 261 Conn. 247, 250,802 A.2d 63 (2002). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.)Gaynor v. Payne, 261 Conn. 585, 590-91, 804 A.2d 170 (2002). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988).
"Summary judgment is appropriate only if a fair and reasonable person could conclude only one way . . . The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact . . . [A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party . . . [A] directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Internal quotation marks omitted.)Morascini v. Commissioner of Public Safety, 236 Conn. 781, 808-09,675 A.2d 1340 (1996).
In its memorandum, the defendant argues that in determining the intent of the parties, the court is limited to the "four corners of the policy." According to the defendant, the unambiguous language in the policy limits coverage for business interruption and extra expense losses to the main hospital building. The PDCC is a satellite building, and therefore according to the plaintiff, the court must find that there is no genuine issue of material fact as to whether the policy provided for business interruption and extra expense losses for the PDCC.
In its objection, the plaintiff argues that there remain genuine issues of material fact as to: (1) whether the insurance policy provided for blanket business interruption and extra expense coverage for all Waterbury Hospital locations; (2) whether the "Errors and Omission Clause" of the policy provides such coverage for the PDCC; (3) whether the policy is ambiguous as to coverage; and (4) the agency role of Robert Keegan.
"[U]nder our law, the terms of an insurance policy are to be construed according to the general rules of contract construction . . . The determinative question is the intent of the parties, that is, what CT Page 3793 coverage the . . . [plaintiff] expected to receive and what the defendant was to provide, as disclosed by the provisions of the policy." (Citations omitted; internal quotation marks omitted.) Buell Industries v. GreaterNew York Mutual Ins. Co., 259 Conn. 527, 538-39, 791 A.2d 489 (2002). "[E]ach and every sentence, clause, and word of a contract of insurance should be given operative effect. Since it must be assumed that each word contained in an insurance policy is intended to serve a purpose, every term will be given effect if that can be done by any reasonable construction." (Internal quotation marks omitted.) Id.
"It is axiomatic that a contract of insurance must be viewed in its entirety, and the intent of the parties for entering it derived from the four corners of the policy." Flint v. Universal Machine Co., 238 Conn. 637,643, 679 A.2d 929 (1996). "If the words in the policy are plain and unambiguous the established rules for the construction of contracts apply, the language, from which the intention of the parties is to be deduced, must be accorded its natural and ordinary meaning, and courts cannot indulge in a forced construction ignoring provisions or so distorting them as to accord a meaning other than that evidently intended by the parties." (Internal quotation marks omitted.) Id. "If, however, the insurance coverage is defined in terms that are ambiguous, such ambiguity is . . . resolved against the insurance company. Where the terms of the policy are of doubtful meaning, the construction most favorable to the insured will be adopted." (Internal quotation marks omitted.) Peerless Insurance Company v. Gonzalez, 241 Conn. 476, 482,697 A.2d 680 (1997).
The plaintiff first argues that the parties had intended the insurance policy to include blanket coverage, including business interruption and extra expense coverage, for all Waterbury Hospital locations. The plaintiff states that John Porter, Director of Risk Management Services for Waterbury Hospital, while negotiating the policy with Robert Keegan, Vice President of Jackson Associates, repeatedly requested that the policy include such blanket coverage; (See Deposition of John Porter, dated May 11, 2000, pp. 22-23, 97, 183, Plaintiff's Objection, Exhibit 18); and that Mr. Keegan informed Steve Scherberle of API that the plaintiff wanted blanket coverage for all locations. (See Deposition of Robert Keegan, pp. 14-15, dated July 28, 1998, Plaintiff's Objection, Exhibit 1.) In addition, the plaintiff states that the annual business interruption worksheets that it completed did not require a separate breakdown of expenses for each hospital building (see Business Interruption Worksheets, Plaintiff's Objection, Exhibits 4-6); and that the premiums it paid for business interruption and extra expense coverage were based on those figures for all locations. (Plaintiff's Objection, p. 8.) CT Page 3794
In response, the defendant argues that the plaintiff has failed to cite any provisions from the insurance policy in order to support its claim that the parties intended for blanket business interruption coverage. According to the defendant, the plaintiff's arguments reach beyond the four corners of the policy and are therefore immaterial to the determination of whether it provided for business interruption and extra expense coverage for the PDCC.
The preamble to the policy (endorsement ZVP 801) states that "[c]overage is provided at each location under only such Sections and on only such property as is indicated by the appropriate symbols on the Location Pages." The symbols for real and personal property, business interruption and extra expense coverage are designated by "RP," "BI" and "EE, respectively. (Defendant's Memorandum, Exhibit 1-B.) In addition, the business interruption and extra expense coverage section (endorsement ZVP 804) states that only locations specified by "BI" in the Location Pages is insured for business interruption and extra expense losses. (Defendant's Memorandum, Exhibit 1-C, p. 2.) The Location Page for location 1 (the main hospital building) contains the symbols "RP" and "BI," indicating real and personal property and business interruption coverage. The Location Page for the various satellite buildings (including the PDCC) contains the symbol "RP," but not "BI." (Defendant's Memorandum, Exhibit 1-A, pp. 1-2.)
As discussed above, the plaintiff has submitted evidence that it requested blanket business interruption and extra expense coverage for all of its locations, and that the defendant was informed of this by Jackson Associates. In addition, there is evidence that the figures reported on the annual business interruption worksheets, which were used by the defendant to calculate the premiums paid by the plaintiff for business interruption and extra expense coverage, included expenses for the satellite buildings as well as the main building. Although it is true, as pointed out by the defendant, that the worksheets are not part of the policy, the clear inference raised by those worksheets not refuted by the defendant — is that the plaintiff was billed by the defendant and paid for business interruption coverage for all of its entities, including the outpatient psychiatric facility. This evidence, when viewed in the light most favorable to the plaintiff, creates a genuine issue of material fact as to whether the parties intended for the policy to provide business interruption and extra expense coverage for the PDCC. Because of the court's resolution of this issue, it is not necessary to address the plaintiff's alternative objections to the defendant's summary judgment motion. CT Page 3795
Accordingly, the defendant American Protection Insurance Company's motion for summary judgment is denied.
 SO ORDERED. HOLZBERG, J.