[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On April 23, 2002, the plaintiff, Kevin Harp, filed a one-count complaint sounding in negligence against the defendants, Frederick Randall[1] and American Car Rental, Inc., seeking damages for injuries he allegedly sustained in a motor vehicle accident. Harp alleges that he was injured when the motor vehicle in which he was a passenger was struck by a motor vehicle owned by American and operated by Randall.[2]
On December 4, 2002, American filed a motion for summary judgment "pursuant to the Connecticut Supreme Court's decision in Pedevillano v.Bryon, 231 Conn. 265, [648 A.2d 873] (1994)." In support of its motion, American has submitted a memorandum of law and the following exhibits: an unverified copy of the police report taken on the day of the accident (Exhibit A);[3] a certified copy of the rental agreement between Randall and American (Exhibit B); an uncertified copy of the complaint inHart v. American Care Rental, Inc Superior Court, judicial district of Fairfield at Bridgeport (Exhibit C);[4] a portion of the uncertified deposition testimony of Tyrone Hart (Exhibit D);[5] and the signed and sworn affidavit of Paul Kozloawski, manager of American (Exhibit E). Harp has submitted no evidence in opposition to American's motion for summary judgment.
 DISCUSSION
"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in light most favorable to the nonmoving party . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to a judgment as a matter of law." (Citation omitted; internal quotation marks omitted.) LaFlamme v. Dallessio, 261 Conn. 247, 250, 802 A.2d 63 (2002). CT Page 4130 "[T]he party opposing such a motion must provide an evidentiaryfoundation to demonstrate the existence of a genuine issue of material fact." (Emphasis in original; internal quotation marks omitted.) Mytychv. May Dept. Stores Co., 260 Conn. 152, 164 n. 8, 793 A.2d 1068 (2002). When a party moves for summary judgment and "there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [moving party's] affidavits and other proof."Heyman Associates No. 1 v. Insurance Co. of Pennsylvania, 231 Conn. 756,795, 653 A.2d 122 (1995). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp., 233 Conn. 732, 751, 660 A.2d 810 (1995).
American argues that it is entitled to judgment as a matter of law because an unauthorized driver was operating the rented vehicle at the time of the accident, therefore it cannot be liable to Harp pursuant to General Statutes § 14-154a and the express terms of the rental agreement. To support this claim, American relies on the rental agreement entered into by Randall and the deposition testimony of Tyrone Hart.
General Statute § 14-154a provides: "Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner." In interpreting this statute our Supreme Court has held that a lessor of a motor vehicle has "the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one in lawful possession of it pursuant tothe terms of the contract of rental." (Emphasis in original; internal quotation marks omitted.) Pedevillano v. Bryon, supra, 231 Conn. 268. "The statute does not, in its terms, preclude a lessor from imposing reasonable restrictions on the identity of those to whom it is willing to entrust its property and for whose conduct it is willing to assume risk. In the cases in which we have found a basis for enforcing statutory liability, the tortfeasor invariably has been found to have been a person who had possession of the vehicle in accordance with the lease agreement." Id., 270.
The rental agreement entered into by Randall provides that only Randall or a "qualified licensed driver at least 21 years of age who have Rentor's advance permission to use the vehicle and whose names appear on Page 1 hereof" may use, operate or drive the rented vehicle. (American's Memorandum of Law in Support of its Motion for Summary Judgment, Exhibit B: Rental Agreement, p. 2, ¶ 1.) A review of page one of the agreement indicates that Randall did not authorize any additional drivers. Pursuant to the terms of the rental agreement, therefore, CT Page 4131 Randall was the only authorized driver. Additionally, Hart states in his deposition that an unidentified female was driving the leased vehicle. (American's Memorandum, Exhibit D: Hart's deposition, p. 34.) The court notes that Harp has not put forth any evidence to dispute that an unauthorized driver was operating the rented vehicle at the time of the accident.
Based on the evidence submitted by American, it is undisputed that an unauthorized driver was operating the rented vehicle at the time of the accident. Thus, as a matter of law, American cannot be held liable for Harp's injuries pursuant to § 14-154a. American's motion for summary judgment is granted.
Harper, J.