[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT #125
Whether the court should grant the defendant's motion for summary judgment as to the first count of the plaintiff's complaint on the basis that the statute of limitations has expired and the plaintiff's suit is untimely. The motion for summary judgment is denied because it is improper to grant summary judgment on an entire count when that count contains more than one independent cause of action, one of which is viable.
 FACTS
On September 20, 2001, the plaintiff, James Czahur commenced this lawsuit against defendants, Norman Koeller and Liberty Mutual Insurance Company[1] (Liberty Mutual) by causing the marshal to serve upon the defendants, true copies of the writ, summons, complaint and statement in demand. In the two-count complaint, Czahur alleges that on or about September 23, 1998, while he was insured by Liberty Mutual, he was the victim of an automobile accident caused by Koeller.
The first count of the complaint, directed against Koeller, alleges that Czahur suffered losses and injury as a result of Koeller's negligent, careless, reckless and intentional conduct. The second count of the complaint, directed against Liberty Mutual, alleges that Czahur's injuries and losses exceed Koeller's policy limits; and that Czahur is entitled to recover under his under-insured motorist benefits with Liberty Mutual.
On September 4, 2002, Koeller moved for summary judgment on the first count of the complaint on the ground that as a matter of law he cannot be liable to Czahur because Czahur's claim is barred by the two-year statute of limitations set forth in General Statutes § 52-584.[2] In the alternative, Koeller argues that even if Czahur contends that the action is timely because it includes in a single count allegations of intentional and deliberate actions, summary judgment should still be CT Page 2391 granted because Czahur has not pleaded sufficient facts to support a cause of action for an intentional tort.
Czahur opposes the motion on the ground that summary judgment is impermissible in this instance because the first count in the complaint sounds in negligence and in intentional tort, and the intentional tort action is not subject to the two-year statute of limitations set forth in General Statutes § 52-584. Czahur further argues that Koeller should be estopped from raising the statute of limitations as a defense to the negligence portion of the count because the counsel representing Koeller's insurance company "may have induced" Czahur's prior counsel into prolonging settlement negotiations in lieu of filing a timely law suit. Czahur also argues that he has pleaded sufficient facts to support a cause of action for an intentional tort and that Koeller should have addressed his challenge to the sufficiency of the pleadings via a motion to strike or a request to revise, as summary judgment is not the appropriate vehicle to contest the legal sufficiency of the pleadings.
 DISCUSSION
"The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) LaFlamme v. Dallessio, 261 Conn. 247, 250,802 A.2d 63 (2002).
"The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, [entitle] him to a judgment as a matter of law . . . [T]he party opposing . . . [summary judgment] must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.)Gaynor v. Payne, 261 Conn. 585, 590-91, 804 A.2d 170 (2002). "Summary judgment is appropriate only if a fair and reasonable person could conclude only one way." (Internal quotation marks omitted.) Morascini v.Commissioner of Public Safety, 236 Conn. 781, 808, 236 A.2d 1340 (1996).
"Summary judgment may be granted where the claim is barred by the statute of limitations"; Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945
(1996); and "material facts concerning the statute of limitations [are] not in dispute . . ." Burns v. Hartford Hospital, 192 Conn. 451, 452, CT Page 2392472 A.2d 1257 (1984). The time-frame for bringing an intentional tort action is governed by General Statutes § 52-577, which provides: "No action founded upon a tort shall be brought but within three years from that date of the act or omission complained of. Similarly, the time-frame for bringing actions in negligence is governed by "§ 52-584 . . . [which] restricts the initiation of any action `to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct . . .' to a period within two years from the date that the injury is sustained or should have been discovered. The section further provides that no action `may be brought more than three years from the date of the act or omission complained of.'" Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509, 523-24,562 A.2d 1100 (1989).
"When conducting an analysis under [§§ 52-577 or 52-584] the only facts material to the trial court's decision on a motion for summary judgment are the date of the wrongful conduct alleged in the complaint and the date the action [commenced]." (Internal quotation marks omitted.)Rosenfield v. Rogin, Nassau, Caplan, Lassman Hirtle, LLC,69 Conn. App. 151, 159, 795 A.2d 572 (2002). In an intentional tort action, the statute of limitations "begins to run at the moment the act or omission complained of occurs." (Internal quotation marks omitted.)Collum v. Chapin, 40 Conn. App. 449, 451, 671 A.2d 1329 (1996). In a negligence action, the statute of limitations begins to run when an injury occurs. See, Rivera v. Double A Transportation, Inc., 248 Conn. 21,727 A.2d 204 (1999). Under § 52-854, "an injury [is said to have occurred] when a party suffers some form of actionable harm." (Internal quotation marks omitted.) Id., 26. "Actionable harm occurs when the plaintiff discovers or should discover, through the exercise of reasonable care, that he or she has been injured and that the defendant's conduct caused such injury." (Internal quotation marks omitted.) MountaindaleCondominium Assn., Inc. v. Zappone, 59 Conn. App. 311, 323, 757 A.2d 608, cert. denied, 254 Conn. 947, 762 A.2d 903 (2000).
In the present action, it is undisputed that the accident at issue occurred on September 23, 1998. Under the relevant statutes, the statute of limitations for both the intentional tort action and the negligence action would begin to run on September 23, 1998, the date of the accident. Accordingly, the statute of limitations for an intentional tort action and a negligence action would have expired on September 24, 2001[3] and September 23, 2000, respectively.
When determining the commencement date of a civil action, "[the Supreme C]ourt has long held that an action is brought once the writ, summons and complaint have been served upon a defendant." Rana v. Ritacco, CT Page 2393236 Conn. 330, 337, 672 A.2d 946 (1996). The marshal's court-return indicates that on September 20, 2001, he served Koeller and Czahur with the writ, summons, complaint and statement of demand. Generally, it would follow that the intentional tort action was timely filed, while the negligence action was time-barred. In this case, however, a straightforward application of the facts to the relevant statutes has been thwarted by Czahur's pleadings in which he combines into one count, his separate causes of action for intentional tort, negligence and recklessness, and by Koeller's failure to file the appropriate motion to separate the claims.
"A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief." Barrett v. Danbury Hospital 232 Conn. 242,263-64, 654 A.2d 748 (1995). "Acts amounting to [recklessness or] negligence and acts amounting to [an intentional tort] . . . do not constitute a single group of facts. They are separate and distinct [causes of action]." Keenan v. Yale New Haven Hospital, 167 Conn. 284,285, 355 A.2d 253 (1974). Under Practice Book § 10-26, "separate causes of action must be pleaded in separate counts of a complaint."Falby v. Zarembski, 221 Conn. 14, 24, 602 A.2d 1 (1992). A complaint is confusing when it combines two or more causes of action into a single count. See, Rowe v. Godou, 209 Conn. 273, 279, 550 A.2d 1073 (1988). "[T]he proper way to cure [this] confusion . . . is to file a [request] to revise . . . If a request to revise [is] granted and complied with, the defendants would then [be] in a position to move to strike any count of the plaintiff's revised complaint . . ." Id.
"A majority of Superior Court judges . . . have held that . . . a movant [may not] eliminate some of the allegations in a single count via a motion for summary judgment." (Internal quotation marks omitted.)Danbury Mall Associates Ltd. Partnership v. Meghas, LLC, Superior Court, judicial district of Danbury, Docket No. CV 01 0343385 (February 26, 2002, Doherty, J.).
For example, in Herrmann v. Stamford, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 88 0254069 (July 21, 1992, Lewis, J.), count one of the plaintiff's amended complaint set forth numerous causes of action alleging, inter alia, intentional tort and negligence. Count two of the amended complaint set forth the same violations on behalf of an undefined class. The defendant raised several special defenses and moved for summary judgment on count two of the amended complaint. The plaintiff filed a cross motion for summary judgment on certain claims in his own complaint. After analyzing Telescov. Telesco, 187 Conn. 715, 447 A.2 752 (1982),[4] the court denied both CT Page 2394 motions for summary judgment on the ground that "summary judgment on fewer than all of the causes of action in a count is not permitted . . ."Herrmann v. Stamford, supra, Superior Court, Docket No. CV 88 0254069; see also, Jewett v. General Dynamics Corp., Superior Court, judicial district of New London, Docket No. 530943 (May 1, 1997, Booth, J.) (summary judgment denied as to entire count "because . . . plaintiff [pleaded] several causes of action in [one] count, some of which are viable, while others fail to state a claim for which Connecticut law provides relief . . . "); Greenwood v. Litton Mortgage Service Ctr., Superior Court, judicial district of Fairfield, Docket No. CV 94 0314973 (February 8, 1995, Hauser, J.) (plaintiff filed a two-count complaint against defendant alleging in count one, violation of General Statutes § 48-8 (c) and breach of contract in a single count; court denied defendant's motion for summary judgment as to entire count stating summary judgment cannot be granted "to eliminate some but not all of the allegations of a single count of a complaint").
In the present case, there is no question of fact that Czahur's negligence claim would be barred by the two-year statute of limitations.[5] Granting summary judgment in this instance, however, would effectively eliminate Czahur's intentional tort claim, which is not subject to the two-year statute of limitations. Applying the reasoning of the abovementioned cases, this court cannot grant summary judgment to eliminate an entire count when part of that count remains viable. Thus, for the foregoing reasons, Koeller's motion for summary judgment on the first count of the complaint is denied.[6]
Harper, J.